Filed 7/26/21  P. v. Henry CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091428 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F04938) |
| v. | |
| KEVIN HENRY, JR., | |
| Defendant and Appellant. | |

A jury found defendant Kevin Henry, Jr., guilty of first degree murder occurring during a robbery in 2013.  The jury also found true robbery-murder special circumstances for the murder.  Defendant recently petitioned the trial court for resentencing under Penal Code section 1170.95 based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.).  The trial court denied defendant's petition, finding the record established defendant was ineligible for resentencing because the jury found true special circumstances for the murder.  On appeal, defendant argues the trial court erred in relying on the special circumstance finding to disqualify him for relief.  We will affirm.

## BACKGROUND

We take the basic facts of defendant's case from our opinion in his original appeal. (*People v. Henry* (Aug. 1, 2018, C077813) [nonpub. opn.] (*Henry*).)[1] In August 2013, defendant and Devon Roberson-Anderson went to buy a large amount of marijuana from Colen Lugo, arranged by Gregory K. Gregory K. testified that after Lugo showed Roberson and defendant the marijuana, Gregory K. saw Henry try to take the marijuana and then both Henry and Roberson reached for their waist. One of them, Gregory K. could not remember which, pulled out a gun. Gregory K. dove to the ground and then heard a gunshot. Defendant then turned Gregory K. over and took things from his pockets at gunpoint before fleeing with Roberson. (*Henry*, at pp. 2-4.)

Lugo died at the scene from a gunshot wound. Gregory K. and other witnesses could not testify as to who shot Lugo. (*Henry, supra*, C077813 at pp. 4-6.) Defendant and Roberson both testified, and both denied shooting Lugo. (*Id*. at pp. 7, 9.)

The jury found defendant and Roberson guilty of first degree murder (Pen. Code, § 187 subd. (a))[2] and two counts of robbery (§ 211). The jury also found true allegations the murder was committed while defendants were engaged in the commission of a robbery (§ 190.2, subd. (a)(17)), found defendant guilty of being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and that both defendant and Roberson personally used a firearm in the commission of all three crimes (§ 12022.53, subd. (b)). The trial court also found true allegations defendant had two prior convictions within the meaning of sections 667, subdivisions (b)-(i) and 1170.12. The trial court sentenced defendant to life without the possibility of parole, plus an additional 70 years to life in state prison. (*Henry, supra*, C077813 at pp. 1-2.)

---

**1** On our own motion, we take judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).)

**2** Undesignated statutory references are to the Penal Code.

Defendant appealed and we remanded for the trial court to exercise its discretion to strike the firearm enhancements under section 12022.53, subdivision (h).  (*Henry, supra*, C077813 at p. 13.)  In July 2019, the trial court declined to strike defendant's firearm enhancements.

In February 2019, defendant filed a petition for resentencing under section 1170.95 alleging he could not now be convicted of murder because of the changes made to sections 188 and 189.  The petition alleged he was not the actual killer, did not aid or abet the murder with the intent to kill, and was not a major participant in the felony or act with reckless indifference to human life.  The prosecution filed a response and a motion to dismiss and defendant's counsel filed an opposition.  In December 2019, the trial court denied defendant's petition, stating that because the jury found the special circumstance true under section 190.2, subdivision (a)(17), "the jury necessarily found that [defendant] was either the actual killer, acted with intent to kill, or was a major participant in the underlying crime who acted with reckless indifference to human life."

DISCUSSION

Defendant argues the trial court erred in relying on the jury's special circumstance finding to establish he was a major participant who acted with reckless indifference to human life because our Supreme Court clarified the special circumstances analysis after his conviction in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).  We disagree.

The Legislature enacted and the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437), effective January 1, 2019 (Stats. 2018, ch. 1015, § 4), determining that the change in law was " 'necessary to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' "  (*People v. Superior Court (Gooden)* (2019)

3

42 Cal.App.5th 270, 275.)  As pertinent here, Senate Bill 1437 added section 1170.95, which permits a person convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if, among other things, the petitioner could not be convicted of first or second degree murder due to the change in the law.  (§ 1170.95, subd. (a).)

Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life."  (§ 190.2, subd. (d); *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298.)  Thus, on its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill 1437.  (§ 189, subd. (e).)

Since defendant's conviction, however, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark* and "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute."  (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179 (*Torres*).)  In some cases, defendants convicted prior to *Banks* and *Clark* have subsequently had their special circumstance findings reversed for insufficient evidence under the modified analysis.  (See *In re Scoggins* (2020) 9 Cal.5th 667, 683.)  A reversal of a special circumstance finding can qualify a defendant for resentencing under Senate Bill 1437 through section 1170.95.  (See *People v. Ramirez* (2019) 41 Cal.App.5th 923 [where appellate court had previously determined on a habeas petition that the defendant was not a major participant in the underlying felony and did not act with reckless indifference to human life, trial court was required to vacate the defendant's murder conviction and resentence him under § 1170.95].)

There is a split of authority on whether a defendant with a special circumstance finding must first seek relief under *Banks*/*Clark* through a habeas petition before filing a section 1170.95 petition. (See *People v. Gomez* (2020) 52 Cal.App.5th 1, 17 (*Gomez*) [defendants seeking relief on the basis of *Banks*/*Clark* must do so through habeas corpus], review granted Oct. 14, 2020, S264033; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142-1143 (*Galvan*) [same], review granted Oct. 14, 2020, S264284; *People v. York* (2020) 54 Cal.App.5th 250, 260 ["We part ways with *Galvan* and *Gomez* because we do not agree that section 1170.95 requires a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before he or she may successfully challenge the underlying murder conviction in a section 1170.95 proceeding"], review granted Nov. 18, 2020, S264954.)

Defendant urges us to follow *Torres*, *supra*, 46 Cal.App.5th 1168, which reversed the denial of a section 1170.95 petition based on the changes made by *Banks* and *Clark*. In *Torres*, as in this case, the defendant was convicted of first degree murder with a special circumstance finding under section 190.2, subdivision (a)(17). (*Torres*, at p. 1172.) The *Torres* court concluded the summary denial of the defendant's petition based on the pre-*Banks*/*Clark* special circumstance finding raised the "possibility that [the defendant] was punished for conduct that is not prohibited by section 190.2 as currently understood, in violation of [the defendant's] constitutional right to due process" and, as relevant here, reversed and remanded. (*Torres*, at p. 1180.)

Torres had already sought habeas relief, claiming the special circumstance finding was no longer valid; his petition for relief had been denied. (*Torres*, *supra*, 46 Cal.App.5th at p. 1180, fn. 4.) The appellate court considered whether that habeas petition precluded the section 1170.95 petition, but did not opine on whether habeas relief was more appropriate in light of section 1170.95's statutory language.

We agree with those authorities finding subsequent to *Torres* that section 1170.95 is not the appropriate avenue to challenge a special circumstance finding under *Banks* and

5

*Clark.*  (See *Gomez, supra,* 52 Cal.App.5th at p. 17, review granted; *Galvan, supra* 52 Cal.App.5th at pp. 1142-1143, review granted; *People v. Allison* (2020) 55 Cal.App.5th 449, 458-462; *People v. Jones* (2020) 56 Cal.App.5th 474, 368-369.)

The purpose of section 1170.95 is to permit resentencing for individuals who could not now be convicted under sections 188 and 189 because of Senate Bill 1437. (Stats. 2018, ch. 1015 ["This bill would provide a means of vacating the conviction and resentencing a defendant" where "the defendant could not be charged with murder after the enactment of this bill"].)  One of the three initial conditions for section 1170.95 to apply is "[t]he petitioner could not be convicted of first or second degree murder *because of changes to Section 188 or 189* made effective January 1, 2019."  (§ 1170.95, subd. (a)(3), italics added.)  Defendants who are potentially eligible for relief because of the modified special circumstances analysis do not satisfy this initial hurdle because they would have been able to seek relief via a habeas petition regardless of Senate Bill 1437. (See *In re Miller* (2017) 14 Cal.App.5th 960, 976-977, 980 [granting a habeas corpus petition before passage of Sen. Bill 1437 after finding insufficient evidence supported special circumstance finding under *Banks* and *Clark*].)

Permitting a *Banks*/*Clark* review by way of a section 1170.95 petition also would shift the burden from the defendant under a substantial evidence review (as in a habeas petition challenging the sufficiency of the evidence) to the prosecutor under a beyond-a-reasonable-doubt standard (as in a section 1170.95 hearing).  (See *Gomez, supra*, 52 Cal.App.5th at p. 17, review granted.)  Further, there is an indication in the statutory text that the Legislature assumed a defendant first would seek relief in a habeas petition. Section 1170.95, subdivision (d)(2) provides:  "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner."  This provision requires trial courts to grant a section 1170.95

6

petition if a court has reversed a special circumstance finding under *Banks* and *Clark*. (*People v. Ramirez, supra*, 41 Cal.App.5th at p. 933.)

We conclude, therefore, a section 1170.95 petition is not the proper avenue to challenge a special circumstance finding. And since defendant's special circumstance finding was not previously overturned through a habeas corpus proceeding, the trial court here properly relied on the jury's special circumstance finding to deny defendant's section 1170.95 petition.[3]

## DISPOSITION

The trial court's denial of defendant's section 1170.95 petition is affirmed.

_____/s/_____
BLEASE, Acting P. J.

We concur:

_____/s/_____
DUARTE, J.

_____/s/_____
RENNER, J.

---

[3] Defendant also faults his counsel for failing to raise an argument under *Banks* and *Clark*. To the extent he intended to make a claim of ineffective assistance of counsel, this must also fail because failure to assert a meritless position does not demonstrate ineffective assistance of counsel. (*People v. Kipp* (1998) 18 Cal.4th 349, 377.)

7